WISE, Presiding Judge,
dissenting.
The main opinion states:
“We hold that § 13A-10-2 does require that the interference be physical interference and that words alone fail to provide culpability under § 13A-10-2. Under the express provisions of the statute, the interference would have to be, in part at least, physical in nature.”
57 So.3d at 806. However, § 13A-10-2(a), Ala.Code 1975, does not include a comma between the phrases “physical force or interference” and “or by any other independently unlawful act” like the New York statute after which it is patterned does. Therefore, I question whether the Legislature intended for the word “physical” to modify the word “interference” as well as the word “force.”
Moreover, even if physical interference is required, the testimony of Officer Willis is more than sufficient to support a conclusion that D.A.D.O.’s comments and behavior rose to that level. As the main opinion notes, Willis testified that D.A.D.O. made verbal outbursts. In addition, Willis also testified that D.A.D.O. got out of his seat, continually interrupted the conversation between him and the office staff member by talking to the curfew violators, and continued to be loud and boisterous even as he was asked to leave the office. Viewed as a whole and in the context of the situation in the school office, D.A.D.O.’s conduct amounted to more than words alone and actually rose to the level of physical interference.
For the above-stated reasons, I respectfully dissent.